# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**SANDRA BAILEY**, as Personal
Representative of The Estate of Andrew
Ray Bailey,

      Plaintiff,

      vs.

**TRUST LOGISTICS**, a Foreign Profit
Corporation, and **DANIEL KELLER**,
individually,

      Defendants.
_____/

No. 2:14-cv-10072
Hon. Gerald E. Rosen

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

### I.  INTRODUCTION

Plaintiff Sandra Bailey filed this lawsuit in Lenawee County Circuit Court against Defendants Trust Logistics and Daniel Keller arising out of a fatal traffic accident. Defendants removed Plaintiff's lawsuit to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiff has now moved to remand, asserting that Defendants' removal was untimely. Having reviewed and considered Plaintiff's Motion and supporting brief, Defendants' Response, and the entire record of this matter, the Court has determined that the relevant allegations, facts, and legal arguments are adequately presented in these

1

written submissions, and that oral argument would not aid the decisional process. Therefore, the Court will decide these matters "on the briefs." See Eastern District of Michigan Local Rule 7.1(f)(2). The Court's Opinion and Order is set forth below.

## II. PERTINENT FACTS AND PROCEDURAL HISTORY

On September 15, 2012, Plaintiff's decedent, Andrew Ray Bailey, died in a traffic accident involving Defendants' semi-tractor and trailers. (Plf's Compl., Dkt. # 9-2, at ¶ 3). Beginning in February 2013, Plaintiff's counsel requested that Defendants allow him to inspect the semi and trailers to determine "whether there [wa]s third party liability or any other liability of other parties related to [the accident]." (*Id.* at ¶¶ 4-17). Two such inspections eventually took place. (*Id.* at ¶¶ 8-14).

The first inspection occurred on July 19, 2013, but one of the trailers was not present. (*Id.* at ¶ 9). As a condition precedent to a second inspection, Defendants demanded that Plaintiff pay $2,000 to cover their costs in transporting the various units to one location. (*Id.* at ¶ 12). The second inspection occurred on October 24, 2013 at "a substantial cost to Plaintiff." (*Id.* at ¶ 13). During this inspection, Defendants' counsel advised that some of the trailers' tires at the time of the inspection were not the tires that were involved in the accident and that the location of those tires was "unknown." (*Id.* at ¶¶ 13-14).

Concerned that "critical evidence regarding th[e] accident ha[d] been altered or destroyed to harm and/or deter Plaintiff's legitimate pursuit of legal remedies concerning the death of Andrew Bailey," (*Id.* at ¶ 15), Plaintiff filed a one-count Complaint in the Lenawee County Circuit Court on October 28, 2013. Notably, Plaintiff did not state a cause of action against or seek monetary damages from Defendants arising out of the accident; she unequivocally admitted that she did not know if she had a claim against Defendants:

> Plaintiff is in the *process of examining whether there is third party liability or any other liability* of other parties, related to this incident pursuant to her rights under Michigan law.
>
> * * *
>
> *Plaintiff does not want to waste the resources of the Court, or unnecessarily bring a lawsuit against a party if no liability exists.* As such, a proper inspection of the stated truck and trailers including all parts and equipment on the units at the time of the incident is essential to the *determination of liability* in this matter.

(*Id.* at ¶¶ 4, 21) (emphasis added). Rather, Plaintiff's sole cause of action was a Temporary Restraining Order pursuant to Michigan Court Rule 3.310 regarding the preservation of evidence, as follows:

> I. Preventing Trust Logistics, LLC and Daniel Keller, its employees, agents, representatives, contractors, vendors, successors and assigns, or anybody else from altering, moving, modifying, materially altering, or disposing of the truck, trailers or any equipment or parts that were attached to the units on the date of the incident on September 15, 2012;

    II. Allowing the undersigned, Courtney E. Morgan, Jr. of Morgan & Meyers, PLC, and his employees, experts, consultants, etc, to have access to the truck, trailers, tires, or any other equipment or parts that were attached to the units on the date of [the] incident for the purpose of inspecting, photographing, measuring and analyzing it (sic); and

    III. Awarding costs to Plaintiff's counsel for the expense of having to make a third trip to the Fort Wayne, Indiana area with experts to inspect the truck, trailers, tires and any equipment or parts attached to the units at the time of the incident.

(*Id.* at 7-8).

The Lenawee County Circuit Court entered a Temporary Restraining Order as to I and II only on November 1, 2013. (Ex. 2 to Plf's Mtn., Dkt. # 9-3). Upon service of the Complaint and the Lenawee County Circuit Court's order, Defendants moved the state court to both set aside the Temporary Restraining Order and to dismiss Plaintiff's Complaint. (Exs. B and C to Defs' Resp., Dkt. ## 11-3, 11-4). On the date set for hearing on Defendants' motions, December 16, 2013, Plaintiff filed an Amended Complaint. (Plf's Am. Compl., Dkt. # 1-3). Defendants then filed a Notice of Removal on January 8, 2014. (Defs' Notice of Removal, Dkt. # 1).

In contrast to her Initial Complaint, Plaintiff's Amended Complaint sets forth several new facts and causes of action against Defendants arising out of the accident. Specifically, she now claims that the trailers "had faulty and unsafe braking systems," that their "axels had severely worn and degraded, unsafe tires,"

and that they "could not be safely operated on the road, let alone timely slowed or brought to a stop." (Plf's Am. Compl., Dkt. # 1-3, at ¶ 3). Plaintiff concludes, therefore, that "[d]ue to the faulty brakes and tires, the vehicle was not legally being operated on a public highway and could not be operated in a manner consistent with due care and caution." (*Id.*). She also avers that the semi's driver "recklessly drove his vehicle through the intersection, causing and contributing to a violent impact with" the car in which Andrew Ray Bailey was riding. (*Id.* at ¶ 7).

Plaintiff's Amended Complaint asserts four causes of action, three of which seek to hold Defendants liable for Andrew Ray Bailey's death. Count I is identical to the one set forth in Plaintiff's Initial Complaint. Counts II, III, and IV raise claims of negligence, ownership liability, and negligent entrustment, generally alleging that Defendants' negligent actions contributed to Andrew Ray Bailey's death. (*Id.* at ¶¶ 28-39). Accordingly, and pertinent to Plaintiff's instant Motion, she now pleads for the first time that she is entitled to damages for Defendants' negligent actions, including those damages recoverable under Michigan's Wrongful Death Statute. (*Id.* at ¶¶ 31, 35, 39).

### III. DISCUSSION

**A.   Applicable Standards**

The only basis for federal jurisdiction in this action is diversity jurisdiction under 28 U.S.C. § 1332. A defendant may remove an action on the basis of

diversity jurisdiction if there is diversity jurisdiction under § 1332(a) and if none of the defendants are citizens of the state where the action is brought. § 1441(b). Under § 1332(a), a court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." § 1332(a).

The burden of establishing diversity jurisdiction rests with the party seeking removal. *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 757 (6th Cir. 2000). Removal petitions must be strictly construed, and courts must resolve all disputed questions of fact and ambiguities in favor of the non-removing party. *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999). Under § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1446 sets forth the specific time frame as to when a defendant must file a notice of removal and the removing party bears the burden of showing compliance with § 1446. *Groesbeck Investments, Inc. v. Smith*, 224 F. Supp. 2d 1144, 1148 (E.D. Mich. 2002) (Rosen, J.) (collecting cases).

Two of § 1446's provisions pertain to Plaintiff's Motion. The first, § 1446(b)(1), requires a notice of removal to be "filed within 30 days after the

receipt by the defendant . . . of a copy of the initial pleading." § 1446(b)(1). This provision only applies when "removability . . . [is] readily ascertainable from the face of the pleading." *Tech Hills Associates v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993). The second provision, § 1446(b)(3), governs when an initial pleading does not state a removable claim on its face:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

§ 1446(b)(3).

### B.   Defendants Timely Removed This Matter

Plaintiff asserts that Defendants' thirty-day clock under § 1446 ran from the date they received Plaintiff's Initial Complaint -- November 7, 2013. Because they removed this matter sixty-two days later on January 8, 2014, Plaintiffs argue, Defendants waived their right of removal. As set forth below, this Court disagrees.

Under *Tech Hills Associates*, § 1446(b)(1) applies when "removability . . . [is] readily ascertainable from the face of the pleading." 5 F.3d at 963. Here, Plaintiff's Initial Complaint makes absolutely clear that she did not even know if she had a claim against Defendants, let alone articulate any discernible theory of liability that could put Defendants on notice that she was seeking damages in excess of § 1332's jurisdictional limit. All that is apparent from the face of

Plaintiff's Initial Complaint is that she sought to preserve evidence in case she brought a future claim, requesting that the court: (1) prevent Defendants from destroying evidence; (2) order Defendants to allow a future inspection of the evidence; and (3) order that Defendants pay for Plaintiff's future -- not already incurred -- inspection costs.  Removability, therefore, was far from readily ascertainable.  This is especially true given that neither Michigan nor Federal law permit independent causes of action arising out of an alleged spoliation of evidence.  *Teel v. Meredith*, 284 Mich. App. 660, 663 (2009); *Bray v. Unified Prop. Grp., LLC*, 2012 WL 5363792, at *4 (E.D. Mich. Oct. 30, 2012) (Lawson, J.).

Without any authority addressing the removal of an action solely involving a request for injunctive relief where the underlying cause of action was not supported in law, Plaintiff notes that "the amount in controversy is . . . the value of the right to be protected or the extent of the injury to be prevented."  (Plf's Mtn., Dkt. # 9, at 5) (citing *Goldsmith v. Sutherland*, 426 F.2d 1395, 1398 (6th Cir. 1970) and *Southern States Police Benevolent Association, Inc. v. Second Chance Body Armor, Inc.*, 336 F. Supp. 2d 731 (W.D. Mich. 2004)).  She therefore concludes that because her Initial Complaint sought "to preserve and inspect evidence in the investigation of a potential wrongful death claim . . . , the loss of such a claim due to the destruction of evidence . . . far exceeds $75,000." (*Id.* at 5-

6.). This logical jump places the cart before the horse, even accepting Plaintiff's position that "[t]he value of a potential wrongful death claim . . . is greater than $75,000." (*Id.* at 5). Plaintiff's Initial Complaint simply did not reference a potential wrongful death claim and just alleged a cause of action that is wholly unsupported in Michigan and Federal law. Put a different way, there was no legally cognizable right to protect or injury to prevent on the face of Plaintiff's Initial Complaint.[1]

Because Plaintiff's Initial Pleading was not removable, this Court must next determine whether Defendants timely removed pursuant to § 1446(b)(3). In its oft-cited unpublished decision in *Holston vs. Carolina Freight Carriers Corporation*, 1991 WL 112809, 936 F.2d 573 (table) (6th Cir. 1991), the Sixth Circuit provided persuasive guidance as to whether Defendants' removal was timely. Construing what is now § 1446(b)(3), the Sixth Circuit held "that § 1446(b)[(3)] starts the thirty-day period running from the date that a defendant has *solid and unambiguous information that the case is removable*, even if that information is solely within its own possession." *Id.* at *3 (emphasis added). This is because Section 1446(b)(3)'s "clear purpose is to commence the running of the thirty-day

---

[1] Plaintiff curiously cites to *Southern States* and *Goldsmith* for support of her position, despite that both found that the respective pleadings *did not* plead facts sufficient to meet § 1332's amount in controversy threshold. *Southern States* additionally does not support Plaintiff's argument because just like in that case, her Initial Complaint did not state a "claim for death or bodily injury." 336 F. Supp. 2d at 737.

9

period once the defendant receives actual notice that the case has become removable." *Id.* (quoting 14A C. Wright, A Miller and M. Kane, Federal Practice and Procedure, § 3732 at 520). And, though information solely in the possession of a defendant -- such as "other papers" -- may unambiguously provide notice of removability, the mere *possession* of that information alone is insufficient: "The requirement that such facts must be 'received' by the defendant does not detract from this . . . conclusion. The defendant may have the papers in its possession as of the filing of the suit, but it does not receive notice of the facts contained therein until it reviews those papers in connection with the suit." *Id.*

Application of § 1446(b)(3) in this matter is quite simple. Plaintiff filed an Amended Complaint on December 16, 2013 raising a litany of facts and claims that unambiguously provided Defendants with notice that she was seeking to hold them liable for Andrew Ray Bailey's death sufficient to satisfy § 1332's amount in controversy threshold. The Amended Complaint therefore provided Defendants with solid and unambiguous information that the case was removable, and Defendants timely removed 23-days later on January 8, 2013.

In theory, Plaintiff could have argued that during the time period between her Initial and Amended Complaints, Defendants had "'clues' of potential federal jurisdiction" sufficient to trigger their "affirmative duty to make reasonable inquiry to ascertain the existence of federal jurisdiction and pursue 'clues' of potential

federal jurisdiction as soon as they are uncovered." *Haber v. Chrysler Corp.*, 958 F. Supp. 321, 326 (E.D. Mich. 1997) (Rosen, J.). She presented no such argument in her Motion, and rather just rests on her unsupported assertion that the Initial Complaint sufficiently put Defendants on notice of removability.[2]

### IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand to State Court [Dkt. # 9] is DENIED.

**IT IS SO ORDERED.**


Dated: April 1, 2014         s/Gerald E. Rosen
                             GERALD E. ROSEN
                             CHIEF, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 1, 2014, by electronic and/or ordinary mail.

                             s/Julie Owens
                             Case Manager, 313-234-5135

---

[2] To the extent Plaintiff suggests that Defendants have not allowed another inspection and that she is concerned with potential evidence spoliation, the general rules governing practice before this Court should mitigate these issues. As to spoliation, the Court notes -- without expressing an opinion as to its application in this matter -- that a party has a duty to preserve evidence when it "has notice that the evidence is relevant to litigation or . . . should have known that the evidence may be relevant to future litigation." *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). As to inspection, Title V of the Federal Rules of Civil Procedure governs the scope of discovery.